UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HOLLIS LOCKETT,

    Petitioner,

vs.                            CIVIL ACTION NO.

DAVID L. WINN, Warden
FEDERAL MEDICAL CENTER,
DEVENS,

    04-40124

    Respondent.

_____/

## PETITION FOR WRIT OF HABEAS COPRUS
## PURSUANT TO 28 USC §§ 2241 & 2243

NOW COMES the above named Petitioner, HOLLIS LOCKETT, Pro Se (hereinafter the "Petiitoner"), and moves this Honorable Court to construe his pleadings filed herein under the latitude delineated in the U.S. Supreme Court decision of **Haines v. Kerner**, 404 US 519 (1972) and pursuant to 28 USC §§ 2241 and 2243 to grant a Writ of Habeas Corpus, or whatever further relief may be just under the circumstances, and in support of said Petition states as follows:

### THE PARTIES

1. The Petitioner, HOLLIS LOCKETT, is a prisoner of the Federal Government, being held in custody/incarceration under color and authority of the statutory laws of the United States of America.

2. That DAVID L. WINN, is the current Warden of the Federal Medical Center, Camp Devens, in Ayer, Massachusetts where the Petitioner is a prisoner, and as such Warden Winn, is the proper respondent to this Habeas Corpus Action.

### JURISDICTION AND VENUE

3. That this Court has statute, subject, and subject matter jurisdiction pursuant to 28 USC §2241 and that venue is appropriate in that the satellite Camp at the Federal Medical Center, Devens, is located within the geographical boundaries of the United States District Court for the District of Massachusetts.

**FACTS**

4. On August 20, 1993, the Petitioner was sentenced to a 235-month term of imprisonment pursuant to a Judgment of Conviction entered in the U.S. District Court for the Middle District of Georgia, for violations of 21 USC §846 and 21 USC §841(a)(1).

5. That prior to his sentence the Petitioner had been receiving dialysis treatments.

6. Petitioner's projected release date with calculation for good time credits is April 14, 2010.

7. On February 11, 2000, the Bureau of Prisons ("BOP") amended Program Statement 6000.05 Chpt. VI §21 to permit BOP clinical staff to consider organ transplantation as a treatment option for inmates under certain prescribed circumstances.

8. On March 7, 2000, the Petitioner was transferred to the Federal Medical Center located in Ayer, Massachusetts.

9. On October 3, 2001, the Petitioner commenced the above entitled civil action seeking an order from the Court to obtain a renal transplant.

10. On March 25, 2002 the above entitled action was dismissed without prejudice for the failure to exhaust Administrative Remedies.

11. On July 11, 2003, the Petitioner began the Administrative Remedy Process by submitting an Inmate Request to Staff (BP-8) to Sandra L. Howard, M.D. at FMC Devens seeking a renal transplant. No response was ever presented to the BP-8 filed by the Petitioner. The Petitioner construed this failure to respond as a denial of his request for a renal transplant.

-2-

12. On July 14, 2003, the Petitioner submitted his Request for Informal Resolution (BP-8 1/2) to the Unit Team at Camp Devens who responded by indicating that the issue was "unable to [be] resolve[d]...with the inmate." Petitioner construed this response as a denial to his request for a renal transplant.

13. On July 24, 2003, Petitioner filed an Appeal (BP-9) to Warden Winn asking for a resolution of his Administrative Remedy Request and for the BOP to provide for a renal transplant.

14. On August 28, 2003, Warden Winn responded by indicating that the Administrative Remedy Request was partially granted and "that an initial work up evaluation has been implemented, and the outcome is pending." No date was scheduled for the renal transplant being accomplished subsequent to August 28, 2003.

15. In an effort to avoid delay and refrain from further unnecessary appeals to the Northeast Regional Office of the BOP, the Petitioner sought clarification of the Warden's Response to his BP-9, and he asked for a copy of the initial work-up, and when the "outcome" as expressed by the Warden in his Response to the BP-9 would be determined. No response was forthcoming from the Warden and the Petitioner construed such failure to reply as a denial of his appeal to the Administrative Remedy Request.

16. On September 15, 2003, the Petitioner submitted his appeal (BP-10) to the Northeast Regional Office of the BOP to the Office of the Regional Director asking for the BOP to provide for a renal transplant and for a date to be scheduled for such a transplant.

17. On October 17, 2003, the Regional Director responded by stating that "there is no indication staff are withholding your work-up information... and accordingly the appeal [is] being denied." The Petitioner construed this response as a denial of his Administrative Remedy Request for a renal transplant.

18. On October 28, 2003, the Petitioner filed an Inmate Appeal (BP-11) to the Office of General Counsel in Washington, D.C. outlining all of the steps taken and the failure of the BOP to confirm and provide a date by which a renal transplant would be accomplished.

19. On December 10, 2003, the Administrator for National Inmate Appeals filed a response to the BP-11 which indicated that such response was being provided "for informational purposes only." Further, that "no appropriate date[s]" could be provided as to when a transplant would take place, and further that "a recommendation from the Medical Director will be provided to the Warden before December 31, 2003."

20. As of the date of the filing of this Petition for Writ of Habeas Corpus, the Petitioner has not received any confirmation of any "recommendation" from the Medical Director at Camp Devens, nor has any date been scheduled for his renal transplant.

21. The Petitioner has construed the responses to each of his remedy requests at each level in the process as a denial of the relief requested, and therefore comes before this Court having exhausted his administrative remedies and seeks relief by way of an Order directing the BOP and its medical staff to comply with its Program Statement 6000.05 Chpt. VI §21 and all other relevant provisions related thereto to provide for a renal transplant and to schedule a date certain wherein such transplant can be accomplished.

## CAUSES OF ACTION

22. The Respondent Warden and the BOP have violated the provisions of 18 USC § 4042 et.seq., by failing to provide the appropriate medical care to the Petitioner.

23. The Respondent and the BOP have violated the provisions of its own Program Statement 6000.05 Chpt. VI §21 Health services Manual for organ transplantation and have denied him a renal transplant without any basis in fact or law for such denial.

24. The actions of the Respondent and the BOP in refusing to authorize and provide for a renal transplant have violated the Eighth Amendment of the United States Constitution.

25. The actions of the Respondent and the BOP and other agencies of the Department of Justice have violated and deprived the Petitioner of his liberty interests in contravention of the due process clause of the United States Constitution.

26. The actions and the failure of the Respondent and the BOP to provide the Petitioner with a renal transplant is a violation of Petitioner's civil rights under 42 USC §1983 et.seq.

27. The actions of the Respondent and the BOP are a violation of Petitioners equal protection rights under the United States Constitution.

### PRELIMINARY STATEMENT OF THE APPLICABILITY OF HABEAS RELIEF PURSUANT TO 28 USC § 2241 TO THE INSTANT CASE AT BAR

28. A prisoner may seek federal habeas relief under 28 USC §2241 if he is in custody in violation of the U.S. Constitution or other Federal statutory authority. **Smith v. Phillips**, 455 US 209 (1982).

29.  After exhausting Administrative Remedies an inmate may seek relief from any aspect of prison life which violates his constitutional and statutory rights, including the filing of habes relief, damage claims or injunctive relief.  **Booth v. Churner, 532 US 731 (2001): Porter v. Nussle, 534 US 516 (2002).**

### THE ACTIONS OF THE RESPONDENT AND THE BOP VIOLATE PETITIONER'S CONSTITUTIONAL RIGHTS

30.  There is a salutary doctrine that a Federal Court will ordinarily refrain from injecting itself into the operations of a prison, or scrutinize decisions made by prison supervisors.  That doctrine gives way, however, when the constitutional rights of prisoners are threatened or invaded or the duties owed to prisoners is undermined.  **Procunier v. Martinez, 410 US 390, 404-06 (1974).**

31.  It has long been established that lawful imprisonment limits the rights and privileges of prisoners. **Price v. Johnston, 334 US 266,285 (1948).**

32.  However, "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for a crime." **Wolff v. McDonnell, 418 US 539, 555 (1974).**  There is "no iron curtain drawn between the Constitution and the prisoners of thus country." **Wolff, supra., at p. 556.**

33.  The Supreme Court has held that a Governmental Agency is bound by the terms of its own regulations. **Service v. Dulles, 354 US 363 (1957); Vitarelli v. Seaton, 359 US 535 (1959).**

34.  Neither the Supreme Court, nor a majority of the Circuit Court's of Appeal have addressed the issue of whether an organ transplant is entitled to Constitutional protection.  The right, if it exists originates under statutes or policies codified by the legislature or as in the instant case, under the BOP Program Statements and their implementing regulations.

35. Even if the Constitution is not the source of a prisoners potential liberty interests in various aspects of his confinement, the Supreme Court has been willing to extend the 14th Amendment due process clause when the [Government, State or BOP] itself creates a liberty interest in the form of a specific guarantee or entitlement. See **Wolff, supra., at p. 557.**

36. In **Wolff,** the Supreme Court in dealing with good time credits stated that a "prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process clause to insure that the state created right is not **arbitrarily abrogated." Wolff, at p. 557-58.**

37. The expectancy of a renal transplant as expressed and provided for in the BOP Program Statement and as codified as a possible requirement under 18 USC § 4042 et. seq. may be entitled to some measure of constitutional protection, similar to other type interests of prisoners during their incarceration. **Nebraska Penal Correctional Complex v. Greenholtz, 412 US 1, 12 (1979).**

38. The State and Federal Government's have a constitutional duty and obligation to provide health care to prisoners. **Estelle v. Gamble, 429 US 97 (1976).**

39. The duty of the BOP to provide such health care is codified in 18 USC § 4042(a)(2)&(3). **Jones v. United States, 91 F3d 623 (3rd Cir. 1996).**

40. The provisions of 18 USC §4042 et.seq., are clearly unambiguous and the Petitioner is not required to provide any further legal grounds except presentment of his medical condition to be entitled to obtain the necessary medical care he is seeking. **United States v. Muniz, 374 US 150, 164-165 (1963).**

41.  Petitioner asserts that with respect to kidney disease and dialysis treatment at least one court has concluded that the denial of a transplant to an inmate who needs, but cannot afford a transplant may raise constitutional concerns.  **Barron v. Keohane,** 216 F3d 692, 693 **(8th Cir. 2000).**

42.  Further, the BOP's Program Statement relating to organ transplants and the expectation of such an entitlement with the attendant due process rights which are premised on regulations, policies, understandings, contractual arrangements or institutional practices deserve the legitimate expectation of a liberty interest deserve to be protected.  See **Perry v. Sinderman,** 408 US 593, 601-03 (1972); **Morrisey v. Brewer,** 408 US 471, 480 (1972).

43.  That based upon the facts presented and the case authority recited above, this Court has the authority to grant the relief requested.

### APPLICATION OF 28 USC §2243 IN THE INSTANT CASE

44.  The Petitioner respectfully requests that this Honorable Court take judicial notice of the provisions governing the issuance of the Writ of Habeas Corpus under 28 USC §2241, ie., with respect to the return, hearing and decision provisions of 28 USC §2243 which provides as follows:

> "A Court, justice or judge entertaining an pplication for Writ of Habeas Corpus **shall forthwith** award the writ or issue an Order directing the Respondent to show cause why the Writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The Writ, or Order to show cause, **shall** be directed to the person having custody of the person detained.  It shall be returned within **three days** unless for good cause additional time, **not exceeding twenty days** is allowed.
>
> The person to whom the Writ or Order is directed, **shall** make a return certifying the true cause of the detention.  When the Writ or Order is returned, a day **shall** be set for hearing, **not more than five days** after the return unless for good cause shown additional time is allowed.

-8-

45. The U.S. Supreme Court has stated time and time again, that prompt resolution of prisoner's claims, is a **principal function** of habeas petitions. **Rose v. Lundy,** 455 US 520 (1981); **Braden v. 30th Judicial Circuit Court of Kentucky,** 410 US 484 (1973).

46. Habeas proceedings must not be allowed to "founder in a procedural morass." **Price v. Johnston,** 334 US 266, 269 (1984).

47. That if for any reason this Honorable Court cannot enforce the mandates as provided under 28 USC §2243 in processing this Petition for habeas relief, the Petitioner moves this Court in utilizing its equitable powers to grant some form of injunctive relief to require the BOP to proceed in providing the Petitioner with a renal transplant.

48. Based upon the above recited authority, the Petitioner requests that in the event that this Honorable Court is unable to comply with the dictates of 28 USC §2243, and summarily hear and determine the facts and dispose of the request for the issuance of a writ of habeas corpus **as law and justice require,** that some of relief be granted by this Court.

**RELIEF REQUESTED**

WHEREFORE, Petitioner, HOLLIS LOCKETT respectfully prays for the relief sought in the instant Petition brought pursuant to 28 USC §2241 and 28 USC §2243, to wit the granting of a Writ of Habeas Corpus directing the Respondent Warden and the Bureau of Prisons (BOP) to provide him with a renal transplant as soon as practical and that the following further relief be granted:

A. Requesting an immediate hearing on this request for Writ of Habeas Corpus under the dictates of 28 USC §2241 & §2243;

B.  Any other further relief that the Court may determine to be necessary and proper and which justice may require under the facts and circumstances of the instant case.

DATED:   JUNE 28, 2004                    RESPECTFULLY SUBMITTED,


                                          /s/ Hollis J. Lockett
                                          HOLLIS LOCKETT, PETITIONER
                                          84182-020 UNIT I (CAMP)
                                          FEDERAL MEDICAL CENTER, DEVENS
                                          P.O. BOX 879
                                          AYER, MA. 01432


**VERIFICATION** ***

I. HOLLIS LOCKETT, do hereby certify that all of the facts and allegations as stated by me in the instant Petition for Writ of Habeas Corpus are based upon information and belief, and are true and correct to the best of my knowledge.

DATED:   JUNE 28, 2004                    RESPECTFULLY SUBMITTED,


                                          /s/ Hollis J. Lockett
                                          HOLLIS LOCKETT, PETITIONER
                                          84182-020 UNIT I (CAMP)
                                          FEDERAL MEDICAL CENTER, DEVENS
                                          P.O. BOX 879
                                          AYER, MA. 01432

*** The Petitioner acknowledges the assistance of other inmates at FMC Devens during his leisure time with the legal research, preparation, typing and filing of the instant Petition with the Court. 28 CFR §543.11(f).

JS-44
(Rev. 3/99)

# CIVIL COVER SHEET 04 40124

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as requir by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the u of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
HOLLIS LOCKETT
84182-020 UNIT I (CAMP)
FEDERAL MEDICAL CENTER, DEVENS
P.O. BOX 879
AYER, MA. 01432

### DEFENDANTS
DAVID L WINN, WARDEN
FEDERAL MEDICAL CENTER, DEVENS
P.O. BOX 880
AYER, MA. 01432

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**PLAINTIFF ACTING PRO SE**

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)
MICHAEL SULLIVAN
U.S. ATORNEY
DISTRICT OF MASSACHUSETTS
1 COURTHOUSE WAY  SUITE 9200
BOSTON, MA. 02210

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTI AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justic |
| ☐ 240 Torts to Land | / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | / ☒ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This action is a Petition for Writ of Habeas Corpus pursuant to 28 USC §2241&§2243 asking that the Bureau of Prisons provide a renal transplant pursuant to their published Programs Statements.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ N/A

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE ROBERT E. KEETON
DOCKET NUMBER 01-40186-REK

DATE JUNE 28, 2004
SIGNATURE OF ATTORNEY OF RECORD
Petitioner  *Hollis Lockett*

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**ATTACHMENT 3**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   HOLLIS LOCKETT, Petitioner  v.  DAVID L. WINN, Respondent

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XXX II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
            *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   HOLLIS LOCKETT v. DAVID L. WINN   Docket No. 01-40186-REK

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☒   NO ☐

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ☐   NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☒   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ☐   NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES ☒   NO ☐

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?  NO
       EASTERN DIVISION ☐     CENTRAL DIVISION ☐     WESTERN DIVISION ☐

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION ☒     CENTRAL DIVISION ☐     WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   HOLLIS LOCKETT
Petitioner's
ADDRESS   84182-020 UNIT I (CAMP) FEDERAL MEDICAL CENTER, DEVENS P.O. BOX 879
                                  AYER, MA. 01432
TELEPHONE NO.   NONE

(Att3Cover sheet local.wpd - 11/27/00)